[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16258
On February 11, 2000, the plaintiff Bernadine Hopkins filed a complaint against the defendant Joseph Asher alleging failure to return security deposit plus interest. On August 3, 2000 the defendant filed a counterclaim alleging wilful and negligent conduct as follows: Failure to keep the premises clean and safe; failure to keep plumbing fixtures and appliances in reasonable workable condition; failure to use plumbing facilities and appliances in a reasonable manner; destruction of or damage to the premises; failure to pay for oil during occupancy.
The court finds the following facts: Ms. Hopkins and Mr. Asher entered into a written one year lease agreement from February 1, 1988 to January 31, 1989.[1] Ms. Hopkins paid a security deposit in the amount of $850.00. On April 8, 1996, the parties entered into a written month to month agreement.[2]
Ms. Hopkins occupied the premises from 1988 to 1989. Her son, with the defendant's knowledge, occupied the premises from 1990 to 1995. Ms. Hopkins then reoccupied the premises until December 30, 1999. Ms. Hopkins made the rental payments from February 1988 through December 1999.
Ms. Hopkins notified Mr. Asher by letter dated December 1, 1999[3]
that she would be vacating the premises by February 1, 2000. She requested that the security deposit be applied to the last month's rent. Mr. Asher, by letter dated February 28, 2000, notified Ms. Hopkins that he was withholding the security deposit as partial settlement for late charges, returned checks, neglected and abused condition of the premises.[4] Ms. Hopkins paid the rental amount due for the month of December and vacated the premises on December 30, 1999.
By letter to Ms. Hopkins dated June 26, 2000,[5] Mr. Asher reiterated his withholding of the security deposit and elaborated on the claimed neglect and abused conditions. He claimed he had to repair holes in the wall and replace carpeting, doors and appliances. He also claimed repair of the kitchen and bathroom floors, repair of tiling and payment of gas bills.
Ms. Cuthberson, the next door neighbor had visited the premises several times during the six years prior to Ms. Hopkins moving out and was familiar with the conditions. Ms. Cuthberson was at the premises when the movers left and inspected the unit at Ms. Hopkins's request. She was also aware that Mr. Asher had inspected the premises. After both inspections there were no holes, no leaks, and the unit was clean. Ms. Hopkins had hired someone to help clean the premises. There was a little rip in the CT Page 16259 linoleum in the kitchen. All of Ms. Hopkins belongings were removed except some clothing left for Ms. Cuthberson to take to the shelter.
Mr. Asher leased the premises to a new tenant in February 2000.
 DISCUSSION
SECURITY DEPOSIT
Connecticut General Statutes 47a-21 (d)(2) mandates the return of a security deposit plus accrued interest, within thirty days of the termination of the tenancy, unless there is a justified deduction for damages caused by the tenant. If there is a deduction for damages, the landlord must submit a written statement itemizing the nature and amount of such damage within thirty days of the termination of the tenancy. If the landlord fails to return the security deposit and fails to submit a written itemized statement within thirty days the landlord is liable for twice the amount of the security deposit.
Both parties agreed that in this case Ms. Hopkins paid a security deposit in the amount of $850.00. The defendant admits that he did not return the security deposit and believes that his actions were justified. Mr. Asher first notified Ms. Hopkins that he was withholding the security deposit by letter dated January 28, 2000, the reasons stated were late charges, returned checks and neglect and abused conditions of the premises.
Mr. Asher again on June 26, 2000 notified Ms. Hopkins that the security deposit was being withheld because of needed repairs resulting from her tenancy.
There is no justified deduction for damages caused by Ms. Hopkins. There was a late fee charge of $25.00. Ms. Hopkins admitted that she had been late a few times but always paid the late fee. For approximately three to four years prior to the termination of the tenancy, Ms. Hopkins paid the rent by money order or cash. Mr. Asher went to the premises at least once a month to collect the rent. Additionally, Mr. Asher did not present evidence to show that the premises had either been neglected or abused. Furthermore, the evidence presented leads to the conclusion that Ms. Hopkins had made improvements to the premises.
Since Mr. Asher neither returned the security deposit nor produced a written itemized statement as to the nature and amount of the claimed damages within thirty days as mandated by C.G.S. 47a-21 (d)(2), he is liable for double the amount. CT Page 16260
Judgment for the Plaintiff.
COUNTERCLAIM
Mr. Asher alleged that Ms. Hopkins had caused damage to the premises and he expended sums of money for repairs. He also alleged a failure to pay for oil. He is seeking reimbursement of $2,634.85 after allowing a credit for the security deposit of $850.00.
At trial Mr. Asher withdrew his claim as to the cost to replace the carpet and the appliances. Mr. Asher also admitted that he had not notified Ms. Hopkins of the existence of the oil bill in the amount of $55.88 as required by their agreement, until the filing of the counterclaim. She is willing to make the payment.
During Ms. Hopkins tenancy from February 1988 to December 1999 she expended sums of money for improvements and repairs[6] including painting the premises twice, installing new carpet and adding custom blinds. Ms. Hopkins also had the following done: dishwasher and garbage disposal repaired, the bedroom floors buffed and polished, stair railing repaired, cabinets installed and closet doors repaired.
When Ms. Hopkins vacated the premises she hired someone to assist with the cleaning of the premises. This was verified by Ms. Cuthberson who lived next door. Ms. Cuthberson had inspected the unit as she was there when the movers left. Ms. Hopkins had taken all of her belonging except some clothing which Ms. Cuthberson was going to take to the shelter.
Mr. Asher walked through the premises after Ms. Hopkins had vacated and informed both Ms. Hopkins and Ms. Cuthberson that everything was fine. Ms. Cuthberson had visited the premises regularly over the previous six years and was familiar with the conditions. Mr. Asher had visited the premises at least once a month during Ms. Hopkins tenancy to collect rental payments. He too was familiar with the premises and never complained.
The evidence presented by Mr. Asher to support the claim for damages is not persuasive. Mr. Asher rented the premises to a new tenant in February 2000. Four of the receipts provided are merely proposals and not proof of services or payment.[7] The other two receipts are for April 9, 2000 and May 21, 2000, sometime after February 2000 when the new tenant had already occupied the premises. Damage, if any, cannot be attributed to Ms. Hopkins.
Mr. Asher had failed to meet his burden of proof on the counterclaims. CT Page 16261
Judgment for the plaintiff, Bernadine Hopkins.
 CONCLUSION
The defendant, Joseph Asher, failed to return the security deposit in the amount of $850.00, plus interest, as required by C.G.S. 47a-21 (d) (2). He is therefore liable for twice the amount of the security deposit, $1,700.00.
The defendant Joseph Asher failed to meet his burden of persuasion on his counterclaim therefore judgment for the plaintiff Bernadine Hopkins.
 ORDER
Mr. Asher is ordered to pay to Ms. Hopkins $2,054.35.
as follows:
 Double security deposit $1,700.00 Interest on $850, Feb. 1988-August 2001 $ 414.20
TOTAL: $2,114.20 Less credit gas bill - 59.85
Balance owed $2,054.35
The defendant is ordered to make payment in full in the amount of $2,054.35 within 60 days.
Crawford, J.